UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
LUIS ALBERTO GUTIERREZ VERAS,       )
                                    )
                Petitioner,         )
                                    )    Civil Action
        v.                          )    No. 19-11185-PBS
                                    )
STEVEN J. SOUZA, Superintendent     )
of Bristol County House of          )
Correction,                         )
                                    )
                Respondent.         )
_____)

**MEMORANDUM AND ORDER**

July 26, 2019

Saris, C.J.

Petitioner Luis Alberto Gutierrez Veras, a lawful permanent resident, has been in U.S. Immigration and Customs Enforcement ("ICE") custody since September 7, 2018. ICE is detaining him pursuant to 8 U.S.C. § 1226(a) while his removal proceedings are pending. At his custody redetermination hearing on September 19, 2018, the immigration judge placed the burden on Gutierrez to prove his eligibility for release on bond and declined to release him. The immigration judge found that Gutierrez is a danger to the community because he has pending state criminal charges from an alleged drunk driving incident in June 2018 and a flight risk because of the low likelihood that he will be able to obtain relief from removal. Gutierrez now challenges the

1

allocation of the burden of proof at his custody redetermination hearing under the Due Process Clause. He also challenges the immigration judge's refusal to consider new evidence of changed circumstances he submitted in March 2019. The Government has moved to dismiss the habeas petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In Pensamiento v. McDonald, this Court held that due process requires that the Government bear the burden to prove an alien's dangerousness or flight risk at a § 1226(a) custody redetermination hearing. 315 F. Supp. 3d 684, 692 (D. Mass. 2018). Further, the Court held that an alien challenging his detention has to show that the misallocation of the burden of proof could have affected the outcome of the custody redetermination hearing in order to receive a new hearing. Id. at 693; see also Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011) (applying the same standard). Here, there is no dispute that the immigration judge placed the burden of proof on Gutierrez at his custody redetermination hearing.[1] The sole question, then, is whether this error could have affected the hearing's outcome.

---

[1] The Government preserves its objection to the Court's ruling in Pensamiento that it bears the burden of proof at a § 1226(a) custody redetermination hearing but does not press the issue.

2

The Government argues that the immigration judge would have reached the same conclusion regarding Gutierrez's dangerousness had it borne the burden of proof at the custody redetermination hearing. The Court disagrees. Gutierrez has lived in the United States since 2008. Other than the pending state court charges related to the June 2018 drunk driving incident, he has no criminal history and no documented history of alcohol abuse or other dangerous behavior. In arguing that Gutierrez cannot show prejudice, the Government relies entirely on the police report from his June 2018 arrest in Danbury, Connecticut. The police report indicates that Gutierrez left his traffic lane and side-swiped another vehicle. According to the investigating officer, Gutierrez's eyes were glossy and bloodshot, there was a strong odor of alcohol on his breath, he appeared unsteady on his feet, he had trouble keeping his eyes open, and he failed three different field sobriety tests. The report also states that the officer attempted to administer a breathalyzer test but gave up after concluding that Gutierrez was refusing to comply based on the manner in which he was performing the test. Following his arrest, however, the state court released Gutierrez. Given that the only evidence of dangerousness identified by the Government relates to a single, unproven charge of drunk driving, the Court concludes that a shift in the burden of proof could have made a difference in the immigration judge's analysis.

This conclusion is bolstered by the subsequent history of Gutierrez's state criminal proceedings. Gutierrez has agreed to plead guilty to a single misdemeanor charge for failing to stop and show and to participate in a pretrial diversion program, which includes classes on alcohol use and attendance at a victim impact panel. In exchange, the state has agreed to dismiss the other pending charges against Gutierrez, including the drunk driving charge. See Pensamiento, 315 F. Supp. 3d at 687 (ordering new bond hearing for illegal alien detained pursuant to § 1226(a) who had pleaded guilty to a single misdemeanor for leaving the scene of an accident resulting in property damage).

The misallocation of the burden of proof also could have affected the immigration judge's decision on flight risk. Gutierrez lives in Danbury with his wife and six-year old son, both of whom are U.S. citizens. He also lives with and helps support his wife's 10-year old daughter from a prior marriage. Gutierrez's brother and twin sister, who are a U.S. citizen and lawful permanent resident, respectively, also live in Danbury. He has worked at the C-Town Supermarket in Danbury since 2008. Gutierrez's strong family ties and employment history reduce the risk that he would not appear for future immigration proceedings. If the burden had been properly placed on the Government, the immigration judge could have weighed these factors differently and found Gutierrez not to be a flight risk

4

and/or imposed a combination of conditions of release to ensure his appearance.

Gutierrez also has raised a constitutional issue concerning the immigration judge's refusal to consider new evidence of changed circumstances, including the proposed disposition of his state criminal charges. The Court does not address this issue because Gutierrez will have the opportunity to present this evidence to the immigration judge at his new custody redetermination hearing.

## ORDER

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 10) is **DENIED**. The petition for writ of habeas corpus (Dkt. No. 1) is **ALLOWED** as to Count I and **DENIED AS MOOT** as to Count II. The Court **ORDERS** that the immigration court hold a new custody redetermination hearing within seven calendar days. The immigration court shall properly allocate the burden of proof and consider alternative methods to ensure the safety of the community and Veras's future appearances like GPS monitoring.
SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge